UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DEVIONTAE CLOWER,

    Defendant.
_____/

Case No. 20-cr-20171

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING [#35]**

### I. INTRODUCTION

On October 30, 2019, Defendant Deviontae Clower was charged in a Criminal Complaint with possession with the intent to distribute heroin, illegal possession of a firearm, and use of a firearm in furtherance of a drug conspiracy. *See* ECF No. 1. On November 4, 2019, Magistrate Judge Elizabeth A. Stafford ordered Defendant detained pending trial, finding that no conditions or combination of conditions could reasonably assure the safety of the community if Defendant were released on bond. ECF No. 10. Defendant was subsequently charged by Information with one count of possession with intent to distribute heroin, 21 U.S.C. § 841(a), and one count of brandishing a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c). ECF No. 18, PageID.42-43. Defendant pled guilty to both counts on November 17, 2020. *See* ECF No. 33.

1

Presently before the Court is Defendant's Motion for Release Pending Sentencing, filed on January 29, 2021. ECF No. 35. The Government filed a Response in Opposition on February 3, 2021. ECF No. 36. A hearing on this Motion was held on March 24, 2021. For the reasons that follow, Defendant's Motion for Release Pending Sentencing [#35] is DENIED.

## II. BACKGROUND

On November 30, 2016, Defendant Deviontae Clower was present at a purported drug house located at 20491 Exeter Street in Detroit, Michigan. *See* ECF No. 33, PageID.121. At around 10:00 a.m., Defendant admits that he used an AK-47 rifle to shoot at a rival drug home and its members located on a nearby street in an attempt "to exercise authority over drug turf." *Id.*; *see also* ECF No. 37, PageID.186. Officers with the Detroit Police Department were patrolling nearby and stated that they heard seven to eight gunshots fired in rapid succession near their vehicle. *Id.* Not knowing the direction of the gunfire, they initially fled from the neighborhood. *Id.*

Upon their return to the location, the officers recovered seven shell casings that matched an AK-47 rifle and additionally observed a vehicle with multiple bullet holes. *Id.* The officers then recovered the AK-47 rifle in an abandoned home and, after testing the firearm for DNA evidence, eventually received a positive DNA result that matched with Defendant Clower. *Id.*

Subsequent investigations, discussions with victims, and outstanding state warrants lead to Defendant's eventual arrest on June 13, 2019. During the interview, Defendant purportedly admitted to selling narcotics, including heroin laced with fentanyl, at the Exeter Street drug house from 2016 to 2019. He additionally admitted to firing the AK-47 rifle at a rival drug home on November 30, 2016.

On November 4, 2020, Defendant appeared for a detention hearing before Magistrate Judge Elizabeth A. Stafford, who ordered Defendant detained pending trial. *See* ECF No. 10, PageID.21. Magistrate Judge Stafford found that Defendant did not introduce evidence sufficient to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3) and that his prior criminal history, the weight of the evidence against him, and prior failures to appear in court all supported his detention pending trial. *Id.* at PageID.20-21.

Defendant subsequently entered into a Rule 11 Plea Agreement on November 17, 2020. *See* ECF No. 33. He faces a maximum penalty of 20 years' imprisonment for the heroin possession charge and a maximum of seven years to life imprisonment for brandishing the AK-47 in furtherance of a drug trafficking crime. *Id.* at PageID.119.

### III. LEGAL STANDARD

The parties agree that because Defendant has pled guilty to, and is awaiting sentencing for, an offense described in 18 U.S.C. § 3142(f)(1)(A)–(C)— i.e., an

offense under the Controlled Substances Act that carries a term of imprisonment of at least 10 years—Section 3143(a)(2) applies. *See* 18 U.S.C. 3143(a)(2) (cross-referencing offenses listed under 18 U.S.C. § 3142(f)(1)(A)–(C)). Under Section 3143(a)(2), the Court must order a defendant detained pending sentencing unless: (1) the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted," 18 U.S.C. § 3143(a)(2)(A)(i), or (2) "the Government has recommended that no sentence of imprisonment be imposed," 18 U.S.C. § 3143(a)(2)(A)(ii). If a defendant can meet either of those prongs, a defendant must then satisfy the remaining requirement of Section 3143(a)(2)(B) to be eligible for release. Section 3143(a)(2)(B) requires "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B).

In his present Motion, Defendant does not argue that he satisfies the exception to mandatory detention under § 1343. Rather, he says the Court should release him under 18 U.S.C. § 1345(c). ECF No. 35, PageID.167. Section 3145(c) permits a judicial officer to release a defendant subject to detention under § 3143(a)(2) if he "meets the conditions of release set forth in section 3143(a)(1)" and "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). In order to satisfy Section 3143(a)(1), the defendant must show by "clear and convincing evidence" that he is "not likely to

flee or pose a danger to the safety of any other person or the community if released" under conditions set forth by the Court. 18 U.S.C. § 3143(a)(1). Accordingly, Defendant must demonstrate both (1) clear and convincing evidence that he is not a flight risk or a danger to others and (2) an exceptional reason why his detention is inappropriate. *See United States v. Christman*, 596 F.3d 870, 870 (6th Cir. 2010) (Mem.).

### IV. DISCUSSION

Here, Defendant fails to identify any exceptional reasons justifying his release pending sentencing. Defendant seeks release to take care of family obligations, stating that "his mother is ill with life threatening heart issues and he wants to make sure that her and his affairs are in order before serving the remainder of his sentence." ECF No. 35, PageID.163. He also expresses concern about the wellbeing of his five-year-old daughter, who has been cared for by both his mother and aunt since his 2019 arrest. *Id.* The Government contends that he has not met the requirement for exceptional circumstances under Section 3145(c). ECF No. 36, PageID.177. The Government further asserts that Defendant is both a flight risk and poses a danger to the community if released pending sentencing. *Id.*

While the Court is sympathetic to Defendant's circumstances, there is an absence of any precedent for concluding that such factors amount to exceptional reasons under Section 3145(c). *See United States v. Cook*, 42 F. App'x 803, 804 (6th

Cir. 2002) (finding that cooperation with the government, economic hardship, and hardship to family did not combine to make exceptional reasons); *United States v. Reynolds*, No. 12-20843, 2013 WL 4744750, at *13 (E.D. Mich. Sept. 4, 2013), *aff'd*, 626 F. App'x 610 (6th Cir. 2015) (concluding that even though the defendant's mother suffered from lupus requiring defendant's care, the defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that defendant was the sole owner of a small business, these factors were insufficient to establish exceptional reasons warranting release pending sentencing). Thus, Defendant's desire to sort the affairs of his mother and daughter do not amount to exceptional reasons warranting his release pending sentencing.

Further, the Court agrees with the Government that Defendant poses a risk of danger to the community if released. The full extent of the circumstances surrounding the underlying offenses are unquestionably serious. Defendant admitted to selling large quantities of heroin from 2016 to 2019, and further confessed to using an AK-47 to fire multiple rounds at "rival drug members . . . to exercise authority over drug turf." ECF No. 33, PageID.121. Law enforcement, who were initially so close to the gunshots that they had to flee the scene for safety, also recovered shell casings nearby and observed an impacted vehicle in the neighborhood. These facts demonstrate Defendant's dangerousness to the

6

community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[O]ur Court routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence . . . . To be sure, drug trafficking is a serious offense that, in itself, poses a danger to the community." (collecting cases)). Furthermore, Defendant's extensive criminal history, including prior felony drug and firearm offenses, supports the conclusion that there are no conditions or combination of conditions that could reasonably assure the safety of the community.

Accordingly, the Court finds that Defendant Clower did not establish by clear and convincing evidence that he is not a danger to the community or that release pending sentencing is warranted at this time.

## V. CONCLUSION

For the reasons discussed herein, Defendant's Motion for Release Pending Sentencing [#35] is **DENIED**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain<br>
GERSHWIN A. DRAIN<br>
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 26, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager